UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

COMPOSITE TECHNOLOGIES, L.L.C.,

        Plaintiff,

-v-

INOPLAST COMPOSITES SA DE CV,

        Defendant.

Case No. 3:11-cv-00279

Judge Thomas M. Rose

_____

**ENTRY AND ORDER DENYING DEFENDANT INOPLAST'S MOTION TO DISMISS (Doc. # 12)**
_____

This matter arises from a business relationship between Plaintiff Composite Technologies, L.L.C. ("Plaintiff") and Defendant Inoplast Composites SA DE CV ("Defendant") under which the Plaintiff manufactured and delivered products in response to orders placed by the Defendant. Am. Compl. ¶ 4-5. The Plaintiff alleges that Defendant has failed to pay for the orders it placed and received from Plaintiff, for which Plaintiff seeks money damages for the outstanding amount owed. Am. Compl. ¶ 7. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332 for full diversity of citizenship.

Now before the Court is Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(3) and/or 12(b)(6). Def.'s Mot. Dismiss. This Motion is now fully briefed and ripe for decision. A relevant factual background will first be set forth, followed by the applicable legal standard and analysis for the motion to dismiss under 12(b)(3) and 12(b)(6).

**RELEVANT FACTUAL PROVISIONS**

- 2 -

In the context of a motion to dismiss, the Court must accept as true all of the factual allegations contained in the complaint. While Plaintiff's complaint provides limited insight into the relationship between the parties, the complaint includes the following factual allegations:

Plaintiff is an Ohio corporation engaged in manufacturing and shipping certain products with its principal place of business in Dayton, Ohio. Am. Compl. ¶¶ 1, 5. To the Plaintiff's knowledge, Defendant is a foreign corporation with its principal place of business located in Mexico. Am. Compl. ¶ 2.

Defendant placed various orders for products to be manufactured and delivered by Plaintiff. Am. Compl. ¶ 5. Plaintiff has fulfilled all orders placed by the Defendant, but Defendant has failed to pay for all completed orders, falling short by at least Two Hundred Nine Thousand Six Hundred Thirty Three Dollars and Twenty Eight Cents, $209,633.28. Am. Compl. ¶¶ 6-7.

On August 8, 2011, Plaintiff filed a complaint containing the foregoing allegations, seeking money damages for the amount owed by Defendant. Compl. ¶ 7. Plaintiff failed to accomplish service of process within the required time period and thereafter the Court ordered Plaintiff to show cause on May 24, 2012. *See* Show Cause Order. On June 5, 2012, Plaintiff moved to file an amended complaint. *See* Pl.'s Mot. Amend. On June 6, 2012, Plaintiff filed its First Amended Complaint, identical in form to the original complaint. *See* Am. Compl. Attached to the complaint was a copy of an accounts receivable report for Plaintiff's corporation, containing a list of the invoices and corresponding outstanding amounts by Defendant, marked as Exhibit A. Pl.'s Ex. A.

Defendant thereafter moved the Court to dismiss the complaint, arguing that the parties are contractually bound to litigate in Michigan courts based on a forum selection clause

contained in contractual documents Defendant's allege to govern the parties' relationship. Def.'s Mot. Dismiss.

## MOTION TO DISMISS FOR IMPROPER VENUE UNDER FED. R. CIV. P. 12(B)(3)

### I. Applicable Legal Standard

Defendant moves this Court to dismiss the Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(3) for improper venue, arguing the existence of a controlling forum selection clause which requires the parties to litigate all disputes in Michigan courts. Def.'s Mot. Dismiss.  Pursuant to 28 U.S.C. § 1391, a venue is proper if brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). The effect of forum selection clauses on the propriety of venue challenged under a 12(b)(3) motion has been subject to much interpretation among circuits, however, the Sixth Circuit has clarified its position on this issue.

If, on one hand, a plaintiff brings an action in a federal court contrary to a forum choice clause that specifies a particular state or foreign court as the exclusive forum, a motion to dismiss under 12(b)(3) or under 1406(a) is the appropriate vehicle to enforce the clause because the clause renders the venue improper. *See* 17-111 Moore's Federal Practice - Civil § 111.04; *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 535 (6th Cir. 2002).  If, however, a plaintiff brings an action in a federal court contrary to a forum choice clause that specifies state *or* federal courts of a particular state as the proper forum, the Sixth Circuit has clarified the clause will *not* render the venue improper, and therefore a motion to dismiss under 12(b)(3) is not the proper motion to enforce a forum selection clause.  *Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 535 (6th Cir. 2002) (contractual designation of forum does not render venue dictated

by removal statute improper: "[t]he Supreme Court made it clear in *Ricoh* that forum selection clauses do not dictate the forum."). Instead, the court must only consider the applicable venue statute to determine whether the venue is proper, as "[forum choice] clauses do not deprive the court of proper venue." *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 830 (6th Cir. Ohio 2009) (citing *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 535 (6th Cir. 2002).

## II.     Analysis

In support of its argument, Defendant engages in a lengthy analysis to establish that the forum selection clause it alleges to control is both binding and enforceable. While the Court refrains from exercising any opinion as to the merits of Defendant's argument on this issue, Plaintiff correctly states that Fed. R. Civ. P. 12(b)(3) is not the proper vehicle to raise the application of a forum selection clause. Pl.'s Resp. 8.

Defendant does not argue venue is improper under 28 USC § 1391(b)(2), but instead urges the Court to deem the venue improper in an effort to enforce a forum selection clause. Def.'s Mot. Dismiss 5. However, Defendant's position conflicts with controlling precedent. The forum selection clause Defendant asserts as governing provides that all claims or disputes "shall be settled in the state courts presiding in [Michigan] or the federal courts in the Eastern District of Michigan . . ." Def.'s Mot. Dismiss 2. As the Court in *Kerobo* specified, this clause does not render the venue improper because this is an action in a federal court and the clause specifies state *or* federal courts of Michigan as the proper forum. As long as the venue is statutorily proper, here undisputedly so under 28 USC § 1391(b)(2) for diversity of citizenship, a 12(b)(3) motion to dismiss cannot survive. Moreover, Defendant's argument becomes even less persuasive when considering Plaintiff denies ever agreeing to the contracts at issue. Pl.'s Resp. 4. Unlike *Kerobo* and other leading precedent, which dealt with a forum selection clause that was

- 4 -

part of a contract admittedly executed by both parties, here there exists a material dispute as to what, if any contract(s) govern the parties' relationship. It would be even more troubling for a court to dismiss a claim for improper venue based on a contract that one party claims to have never signed.

Turning to whether the venue is statutorily proper under 28 USC § 1391, the question of whether the forum selection clause is binding and enforceable is *not* a relevant inquiry at this time. Instead, the question of proper venue rests upon whether the action is brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Here, the location of Plaintiff's principal place of business, the location of where the goods ordered by Defendant were manufactured, and where the alleged damages were incurred by Plaintiff are all within the Southern District of Ohio; therefore, it is clear that a substantial part of the events or omissions give rise to the claims occurred within the Southern District of Ohio as required by the statute. Am. Compl. ¶ 1.

Therefore, Defendant's Motion to Dismiss for improper venue under Fed. R. Civ. P. 12(b)(3) must be denied.

## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6)

### I. Applicable Legal Standard

Defendant also moves this Court to dismiss the Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Def.'s Mot. Dismiss. The pleading standard in Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to provide fair notice to the defendant of what the claim is and the grounds upon which it rests. *Sykes v. United*

*States*, 2012 U.S. App. LEXIS 24759 (6th Cir. 2012) (citing Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629-30 (6th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). However, the factual allegations must be enough to raise a right to relief above the speculative level and "must contain more than conclusions and an unsubstantiated recitation of the necessary elements of a claim." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012). Moreover, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F. 2d 10, 12 (6th Cir. 1987). Bare assertions of legal conclusions are not sufficient. *Lillard v. Shelby County Bd. of Educ.*, 76 F. 3d 716, 726 (6th Cir. 1996). The complaint has facial plausibility only if it contains either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993).

In evaluating whether the plaintiff has stated a cognizable claim, the court generally may not consider matters outside of the pleadings. *See Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989). To this effect, Rule 12(b) provides that if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed R. Civ. P. 12(b).

The Sixth Circuit has clarified the scope of what the court may consider without reaching 'matters outside of the pleadings.'  Generally speaking, while a plaintiff is not required to attach to the complaint documents upon which his action is based, Fed. R. Civ. P. 10(c) considers "[a] copy of any written instrument which is an exhibit to a pleading . . . a part thereof for all purposes." *See Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. Ohio 1997), *see also* Fed R. Civ. P. 10(c).  In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* at 89.  This acts as a protection for the defendant, without which "a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied. *Id.* (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. Pa. 1993)).  Under these circumstances, the court may consider the extraneous document without requiring the conversion of the motion to one for summary judgment. *Id.*

Notwithstanding, the ability of a court to consider supplementary documents is not without limitations.  The Sixth Circuit has explained that "[w]hile documents integral to the complaint may be relied upon, even if they are not attached or incorporated by reference, it must also be clear that there exist no material disputed issues of fact regarding the relevance of the document." *Mediacom Se. LLC v. BellSouth Telecomms.*, Inc., 672 F.3d 396, 400 (6th Cir. 2012) (citations, internal quotation marks, and alterations omitted).  Put otherwise, if the authenticity, validity, or enforceability of a document is not in dispute, the court may consider it on a motion to dismiss; but a genuine dispute as to the legal sufficiency of said document requires the court to consider the issue under a motion for summary judgment standard. *Id.*, *see also Ouwinga v. Benistar 419 Plan Servs.*, 694 F.3d 783, 796-797 (6th Cir. 2012).

**II.     Analysis**

In its complaint, Plaintiff did not attach any of the contract documents relied upon by Defendant. Am. Compl. Therefore, the decision of whether the Court may consider these documents as part of the pleadings hinges on whether, procedurally, the documents are incorporated by reference in the complaint or integral to Plaintiff's claim. The complaint explicitly refers to the "orders" placed by Defendant as the basis for Plaintiff's cause of action. Am. Compl. ¶¶ 4-5, 7. For that reason, documentation of said orders falls within the scope of what Defendant may attach and the Court may consider on this motion because those orders were incorporated by reference, integral to Plaintiff's claim, and not disputed in authenticity by Plaintiff. Moreover, Plaintiff's Exhibit A explicitly references specific invoices by invoice ID number and date, thus *those* invoices similarly fall within the scope of the Court's consideration for the same reasoning. Pl.'s Ex. A.

In its motion to dismiss, Defendant attaches a series of documents it argues establishes the parties' contractual relationship, including: an Affidavit of Jeffry Woods (Def. Ex. A), a document entitled "Contract" (Def. Ex. B), two documents containing Defendant's General Purchasing Conditions (Def. Ex. C, Def. Ex. D), a Scheduling Agreement (Def. Ex. E), an invoice from Plaintiff for invoice number 43956 (Def. Ex. F), a document titled "Purchase Schedule" (Def. Ex. G), and an email correspondence between the parties (Def. Ex. H).

The only potential document that is explicitly incorporated by reference is the invoice attached at Defendant's Exhibit F; however the invoice attached by Defendant is for "Invoice No: 43956," an invoice number that is *not* among the list of specified invoices Plaintiff relies upon in its complaint. Def.'s Ex. F, Pl.'s Ex. A.

The remaining documents were not explicitly incorporated by reference in the complaint, thus may only be considered if those documents were impliedly incorporated by reference or otherwise integral to Plaintiff's claim. The problem with Defendant's argument is that, in regards to the remaining documents, there *is* "a genuine dispute as to the legal sufficiency of said document[s]." *Mediacom Se. LLC,* 672 F.3d at 400. Plaintiff denies ever seeing a contract from Defendant or ever signing or agreeing to be bound by a contract, but instead Plaintiff argues both parties are actually bound by Plaintiff's Terms and Conditions. Pl.'s Resp. 4. The Court does not accept these assertions as either true or false, but considers them only to demonstrate the material dispute surrounding these documents. This dispute prevents the Court from considering these extraneous documents as part of the pleadings without conducting a full evidentiary hearing under Fed. R. Civ. P. 56.

The Court does not underestimate the complexity of the parties' relationship or the importance of deciding which contract, if any establish each party's contractual performance obligations. Nor does the Court doubt the impact those contractual obligations will ultimately have on the outcome of this dispute. However, because we may not consider matters outside of the pleadings on a motion to dismiss, the Court must refrain from ruling whether a contract has been created until the disputed series of documents are properly before the Court and the matter is fully briefed such as in a motion for summary judgment.

Turning to the merits of 12(b)(6), considering only the pleadings, the Court finds that Plaintiff has met its burden. Accepting the factual matter contained in Plaintiff's complaint as true: if Defendant placed orders to be fulfilled by Plaintiff, Plaintiff fulfilled all said orders, and Defendant failed to pay for those orders; this satisfies the liberal pleading standard of facial plausibility to recover under some viable legal theory.

- 10 -

Therefore, Defendant's Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) must be denied.[1]

## CONCLUSION

For the foregoing reasons, Defendants Motion to Dismiss for improper venue is **DENIED** and Defendants' Motion to Dismiss for failure to state a claim upon which relief may be granted is **DENIED**. (Doc. # 12)

**DONE** and **ORDERED** in Dayton, Ohio, February 26, 2013.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

---

[1] The Court acknowledges the valuable contribution and assistance of judicial extern Jenna S. Harrison in drafting this opinion.