UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

COMPOSITE TECHNOLOGIES, L.L.C.,

        Plaintiff,

-v-

INOPLAST COMPOSITES SA DE CV,

        Defendant.

Case No. 3:11-cv-00279

Judge Thomas M. Rose

___

**ENTRY AND ORDER GRANTING CTC's MOTION TO DISMISS (Doc. #23) AND DISMISSING INOPLAST'S COUNTERCLAIM WITHOUT PREJUDICE**

___

This matter arises from a business relationship between Plaintiff Composite Technologies, L.L.C. ("CTC") and Defendant Inoplast Composites SA DE CV ("Inoplast") under which CTC manufactured and delivered products in response to orders placed by Inoplast. CTC alleges that Inoplast has failed to pay for all of the orders it placed and received from CTC. Inoplast counterclaims for breach of contract. The Court's subject matter jurisdiction is based upon diversity of citizenship.

Now before the Court is CTC's Motion to Dismiss Inoplast's Counterclaim because Inoplast cannot file or maintain any claims in Ohio due to the fact that Inoplast is not licensed to do business in Ohio.[1] This Motion is now fully briefed, including a Surreply, and ripe for decision. A relevant factual background will first be set forth, followed by the relevant legal provisions and an analysis of the Motion To Dismiss.

**RELEVANT FACTUAL BACKGROUND**

___

[1] This Court has previously denied a Motion filed by Inoplast to dismiss CTC's claims. (Doc. #19.)

In the context of a motion to dismiss, the Court must accept as true all of the factual allegations contained in the complaint, or, in this case, the counterclaim. While Inoplast's Counterclaim provides limited insight into the relationship between the parties, the Counterclaim includes the following factual allegations:

Inoplast is a wholly-owned subsidiary of Plastic Omnium Composites Holding SAS, a French-based, global tier-one automotive parts supplier. (Ans. ¶ 2.) Inoplast's North American headquarters is located in Troy, Michigan. (Id.)

In 2009, CTC and Inoplast entered into a series of contract documents pursuant to which Inoplast agreed to buy from CTC certain wheel liner raw material for the General Motors GMT 900 program. (Ans. ¶ 4.) Inoplast alleges that CTC materially breached these contract documents by failing to supply materials that conformed to these contract documents, and that Inoplast notified CTC of these alleged material breaches. (Countercl. ¶¶ 6,7.) Finally, Inoplast alleges that it suffered damages when it had to find an alternative supplier. (Id. at ¶ 8.)

## RELEVANT LEGAL PROVISIONS

A foreign corporation which is not licensed to do business in Ohio may not maintain any action in any court in Ohio. Ohio Rev. Code § 1703.29. However, corporations engaged solely in interstate commerce are exempt from this requirement. Ohio Rev. Code § 1703.02

Whether a corporation engages solely in interstate commerce is largely a factual determination dependent upon the totality of the relevant circumstances surrounding the corporations business operations. *Auto Driveaway Co. v. Auto Logistics of Columbus*, 188 F.R.D. 262, 264 (S.D. Ohio 1999); *Starr Fireworks, Inc. v. Midwest Fireworks Manufacturing Co., Inc.*, No. 96-P-0198, 1997 WL 184767 at *3 (Ohio Ct. App. Apr. 4, 1997). For example, a foreign corporation engages solely in interstate commerce when its business within Ohio

consists merely of selling and delivering through traveling agents goods manufactured outside of Ohio. *Auto Driveaway,* 188 F.R.D. at 264-65. Also, a foreign corporation engages in solely interstate commerce when it has a contract with a corporation located in another state to provide machinery and the contract includes installation supervision that occurs in the other state. *York Mfg. Co. v. Colley*, 247 U.S. 21 (1918). However, a foreign corporation is engaged in intrastate commerce when it has entered Ohio by its agents and is engaged in carrying on and transacting through its agents some substantial part of its ordinary or customary continuous business, as distinguished from merely casual, sporadic or occasional transactions and isolated acts. *Auto Driveaway,* 188 F.R.D. at 265. Also, a foreign corporation engaged in the business of loaning money that loans money to an Ohio corporation is engaged in intrastate commerce. *Contel Credit Corp. v. Tiger, Inc.*, 520 N.E.2d 1385, 1387 (Ohio Ct. App. 1987).

The failure of a corporation to have an Ohio license is a defense to an action maintained by that corporation. *Tiger, Inc. v. Time Warner Entertainment Co., L.P.*, 26 F. Supp.2d 1011, 1018 (N.D. Ohio 1998). An adverse party may move to dismiss such an action or the court may dismiss that action on its own motion. *Id.* However, this defense may be waived if not raised at the appropriate time. *P.K. Springfield, Inc. v. Hogan*, 621 N.E.2d 1253, 1257 (Ohio Ct. App. 1993).

## ANALYSIS

CTC wants the Court to dismiss Inoplast's Counterclaim because Inoplast is a foreign corporation not licensed to do business in Ohio. Inoplast admits that it is a foreign corporation and that it is not licensed to do business in Ohio. However, Inoplast argues that it is engaged in interstate commerce with regards to its contact with Ohio and is, therefore, exempt from the licensing requirement.

Inoplast does not have agents in Ohio. (Affidavit of David Ayres ("Ayres Aff.") ¶ 6 Jun. 20, 2013.) Inoplast does not own real estate in Ohio nor lease any property in Ohio. (Id. at ¶¶ 7,8.) Inoplast does not manufacture its products in Ohio. (Id. at ¶ 9.) Inoplast does not engage in any marketing directed in Ohio. (Id. at ¶ 10.) Finally, Inoplast is not aware of any goods that it delivered in Ohio. (Id. at ¶ 11.)

However, Inoplast has entered into a series of contracts to purchase certain raw material that it needs from a location in Ohio. Further, based upon its pleading that it had to search for an alternative supplier, Inoplast wanted to continue to purchase raw materials from Ohio. Therefore, the issue is whether the purchase of raw materials from a supplier in Ohio on an ongoing bases constitutes intrastate or interstate commerce.

Considering the totality of the circumstances in this case, the regular and ongoing purchase of raw materials from an Ohio location by Inoplast constitutes intrastate commerce. Thus, Ohio law requires that Inoplast be registered as an Ohio corporation, and it is not. Therefore, CTC's Motion To Dismiss Inoplast's Counterclaim is granted. Inoplast's Counterclaim is dismissed without prejudice. Should Inoplast elect to become registered in Ohio, it may reinstate a counterclaim in this case.

Inoplast argues that its Counterclaim is a compulsory counterclaim and the plain language of the Federal Rules of Civil Procedure would arguably trump any arguments for dismissal for a failure to register. In support, Inoplast cites *Columbus Steel Castings Co. v. Transportation and Transit Associates, LLC*, No. 06AP-1247, 2007 WL 4340558, (Ohio Ct. App. Dec. 13, 2007). However, this argument is unavailing for at least two reasons.

First, the court in *Columbus Steel* was addressing Ohio Rev. Code § 1705.58(A) which applies to foreign limited liability companies and did not address Ohio Rev. Code § 1703.29

which applies here. Second, a dismissal of Inoplast's Counterclaim without prejudice does not prevent Inoplast from bringing a compulsory counterclaim. A dismissal without prejudice only prevents Inoplast from bringing a compulsory counterclaim without registering with the State of Ohio.

In its Response to CTC's Motion To Dismiss, Inoplast moves for sanctions against CTC. (Doc. #24.) The title of Inoplast's Response clearly indicates a motion for sanctions. However, in its Surreply, Inoplast says that it did not move for sanctions but asked the Court to use its inherent authority to impose sanctions on CTC. (Doc. #26-2.)

Either way, Inoplast wants CTC to be sanctioned because CTC has advanced a motion that lacks any factual or legal support. However, as can been seen above, CTC's Motion does not lack factual or legal support. Therefore, the Court will not sanction CTC for filing the Motion To Dismiss that has now been granted by the Court.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Second Day of July, 2013.

        **s/Thomas M. Rose**
        _____
        THOMAS M. ROSE
        UNITED STATES DISTRICT JUDGE

Copies furnished to:

    Counsel of record